UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO:

RIGOBERTO SANTOYO,

    Plaintiff,

v.

GSD FLORIDA LLC,
a Florida Limited Liability
Company,

    Defendant.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, **RIGOBERTO SANTOYO** ("Plaintiff"), by and through his undersigned counsel, sues the Defendant, **GSD FLORIDA LLC**, ("Defendant") and alleges the following:

1. Plaintiff brings these claims for subjecting him to sex-based discrimination, retaliation, and ultimately termination in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff is an individual who worked for Defendant in Manatee County,

Florida.

4. Defendant is a Florida Limited Liability Company that operates and conducts business in, among others, Manatee County, Florida, and is thus within this court's jurisdiction.

5. The Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331 as they arise under 42 U.S.C. § 2000e et seq.

6. Venue is proper because Defendant conducts substantial business in Manatee County, Florida, and Plaintiff worked for Defendant in Manatee County, Florida, where the actions at issue took place.

7. During all times relevant, Plaintiff worked for Defendant in Manatee County, Florida.

8. Plaintiff is protected by Title VII because he was a male employee who suffered sexual harassment/sex discrimination, and retaliation by Defendant.

9. Plaintiff is protected by Title VII because he suffered an adverse employment action after objecting to Defendant's harassing conduct by being fired for same.

10. Defendant was at all material times an "employer" as defined by Title VII as it employed in excess of fifteen (15) employees, collectively.

**CONDITIONS PRECEDENT**

11. On or around April 1, 2025, Plaintiff timely dual filed a Charge of

Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

12. On or about July 30, 2025, Plaintiff received his Notice of Right to Sue from the EEOC, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

16. Plaintiff worked for Defendant as a Laborer from November 22, 2023, until his termination on September 17, 2024.

17. During his employment with Defendant, Plaintiff was seduced by his Supervisor, Vicky Juarez, and the two were in an intimate relationship until September of 2024.

18. On September 13, 2024, Plaintiff ended the relationship with Ms. Juarez, informing her that their relations would thenceforth be strictly work-related.

19. In response, Ms. Juarez and Defendant immediately began retaliating

against Plaintiff.

20. Ms. Juarez rudely failed to respond to Plaintiff's work-related inquiries, and coldly brushed past Plaintiff without speaking a word before discussing tasks with other Laborers, acting as though Plaintiff did not exist.

21. On September 16, 2024, Plaintiff asked Ms. Juarez for the phone number to Defendant's Human Resources Department, and objected to Ms. Juarez that her treatment of him, and Defendant's treatment of him, constituted unlawful discrimination, abuse, and harassment based on sex in violation of, *inter alia*, Title VII.

22. In response, Ms. Juarez told Plaintiff that she refused to contact Defendant to meet with Plaintiff, or discuss his objections, and Ms. Juarez also made the astonishing statement, "I am your boss, not them. And what I say goes."

23. On September 17, 2024, the very next day, Defendant's Human Resource Representative told Plaintiff, "you don't work for us, get out!" terminating Plaintiff's employment.

24. Defendant offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

25. Plaintiff's termination was for pretextual, retaliatory, and discriminatory reasons.

26. By reason of the foregoing, Defendant's actions affected the "terms,

conditions or privileges" of Plaintiff's employment as envisioned by Title VII.

27. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties.

28. Defendant does not have a non-discriminatory rationale for allowing and participating in the harassment and retaliation suffered by Plaintiff.

29. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

30. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

31. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive hostile working environment due to sex-based discrimination pursuant to Title VII.

32. Defendant failed to take any remedial measures in response to Plaintiff's objections to unlawful discrimination/harassment and other violations of law.

33. As a result of the severe and pervasive discrimination/harassment, and the lack of any remedial action taken in response to objections to discrimination/harassment, Defendant created a hostile work environment.

34. Plaintiff's termination was due to the hostile work environment caused by Defendant's acts of sex-based discrimination, and its failure to take prompt remedial measures to alleviate discrimination based on sex, and retaliation as the law requires,

and in retaliation for Plaintiff's objections to Defendant's violations of law, or what he reasonably believed to be violations of law.

35. Plaintiff was treated in a disparate manner from his counterparts as a result of his sex.

36. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, Defendant's failure to remedy the illegal conduct, and his termination, is sufficiently close to create the necessary nexus between the events.

37. By reason of the foregoing, Defendant's actions violated Title VII.

38. Defendant's adverse employment action against Plaintiff was taken in retaliation for his sex and for his objections to Defendant's discrimination and harassment based on sex.

39. As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

40. As a result of Defendant's unlawful and retaliatory termination, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

41. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent his in the litigation and has agreed to pay the firm a reasonable fee for its

services.

## COUNT I: SEX DISCRIMINATION UNDER TITLE VII
## HOSTILE WORK ENVIRONMENT

42. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 8, 10 through 21, 23 through 29, 31 through 34, 36 through 37, and 39 through 41 as if fully set forth in this Count.

43. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex-based discrimination under Title VII of the Civil Rights Act of 1964, as amended.

44. The sex-based discrimination to which Plaintiff was subjected was severe and pervasive, and based upon him being male.

45. The discrimination materially altered the terms of his employment, due to the frequency and the hostile environment that was created.

46. As a result, Plaintiff suffered from hostile working conditions until Plaintiff's termination.

47. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

48. The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

49. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

50. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT III: SEX DISCRIMINATION UNDER TITLE VII DISPARATE TREATMENT DISCRIMINATION

51. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 8, 10 through 21, 23 through 29, 32, 35 through 37, and 39 through 41 as if fully set forth in this Count.

52. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination under the Title VII of the Civil Rights Act of 1964, as amended.

53. The harassment and discrimination to which Plaintiff was subjected

was based on his sex.

54. Plaintiff was treated disparately from other employees on the basis of his sex.

55. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

57. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

58. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

59. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT III: FOR RETALIATION UNDER TITLE VII BASED ON OBJECTIONS TO ILLEGAL DISCRIMINATION

60. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 7, 9 through 19, 21 through 25, 29 through 30, 32, and 36 through 41 as if fully set forth in this Count.

61. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment under Title VII of the Civil Rights Act of 1964, as amended.

62. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal sex-based discrimination to which he was being subjected.

63. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

66. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 28th day of October, 2025.

> Respectfully submitted,
>
> **/s/ Noah Storch, Esq.**
> Noah E. Storch, Esq.
> Florida Bar No. 0085476
> RICHARD CELLER LEGAL, P.A.
> 7951 SW 6th Street, Suite 316
> Plantation, Florida 33324
> Telephone: (866) 344-9243
> Facsimile: (954) 337-2771
> E-mail: noah@floridaovertimelawyer.com
>
> *Counsel for Plaintiff*