UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RIGOBERTO SANTOYO,

      Plaintiff,

v.                                                                Case No:  8:25-cv-02936-JLB-TGW

GSD FLORIDA LLC, *a Florida
Limited Liability Company*,

      Defendant.

_____/

## <u>ORDER</u>

Before the Court is Defendant GSD Florida LLC's ("GSD's") Motion to Dismiss Plaintiff Rigoberto Santoyo's Amended Complaint.  (Doc. 18).  Plaintiff's Amended Complaint brings claims for sex discrimination and retaliation under Title VII.  (Doc. 1).  Defendant moves to dismiss for failure to state a claim.  (Doc. 18), and Plaintiff responds in opposition (Doc. 25).  After careful review of the Amended Complaint, the parties' briefing, and the entire record, the Court **GRANTS** Defendant's Motion **in part**.

## BACKGROUND

From November 2023 until September 17, 2024, Plaintiff was employed by Defendant.  (Doc. 16 at ¶ 16).  During his employment, he had a romantic relationship with his supervisor, Vicky Juarez.  (*Id*. at ¶ 17).  On September 13, 2024, Plaintiff told Ms. Juarez that he no longer wished to continue their personal relationship.  (*Id*. at ¶ 18).

Plaintiff alleges that "[i]n response, Ms. Juarez and Defendant immediately

began retaliating against [him]." (*Id.* at ¶ 19). Specifically, Plaintiff alleges that Ms. Juarez "failed to respond to [his] work-related inquiries" and "coldly brushed past [him] without speaking." (*Id.* at ¶ 20). On September 16, 2024, Plaintiff confronted Ms. Juarez about her behavior, complaining that it was discriminatory, abusive, and harassing. (*Id.* at ¶ 21). When Plaintiff asked Ms. Juarez for the phone number to Defendant's Human Resources ("HR") department, she refused to contact HR, instead telling Plaintiff, "I am your boss, not [HR]. And what I say goes." (*Id.* at ¶¶ 21–22). The following day, HR told Plaintiff, "[Y]ou don't work for us, get out," which Plaintiff alleges terminated his employment with Defendant. (*Id.* at ¶ 23).

Now before the Court is Plaintiff's Amended Complaint against Defendant for claims of sex-based discrimination under Title VII. (*Id.*). Defendant moves to dismiss (Doc. 18), and Plaintiff responds in opposition (Doc. 25).

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "labels and conclusions" are insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Though "an employment discrimination plaintiff need not plead a prima facie case of

2

discrimination . . . to survive [a] motion to dismiss," "complaints alleging discrimination still must meet the 'plausibility standard' of *Twombly* and *Iqbal*." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002); *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011).

## DISCUSSION

Plaintiff brings three claims under Title VII: (1) sex discrimination resulting in a hostile work environment; (2) disparate treatment based on sex; and (3) retaliation. (Doc. 1). Defendant moves for dismissal on all claims, arguing that Plaintiff has failed to state a claim upon which relief can be granted. (Doc. 18). The Court agrees.

### I.    Hostile Work Environment.

To establish a claim of hostile work environment for sex discrimination, the plaintiff-employee must show "(1) that he . . . belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment . . .; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010).

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, ***because of such individual's . . . sex*** . . .

3

." 42 U.S.C. § 2000e–2(a)(1) (emphasis added).  The Supreme Court has emphasized that "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at "*discriminat[ion]* . . . because of . . . sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (emphasis in original).  The Court further explained that "[t]he critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.*  In the context of a hostile work environment claim, the Court's "analysis focuses only on whether the complaining employee was targeted because of his or her gender." *Succar v. Dade Cnty. Sch. Bd.*, 229 F.3d 1343, 1345 (11th Cir. 2000).

Here, Plaintiff's hostile work environment claim is predicated on allegations that, after ending his intimate relationship with Ms. Juarez, she and Defendant responded by "immediately . . . retaliating against [him]."  (Doc. 1 at ¶ 19). Specifically, Ms. Juarez "failed to respond to Plaintiff's work-related inquiries, coldly brushed past [him] without speaking," and refused to discuss his objections to this "discrimination, abuse, and harassment," telling him "I am your boss, not [HR]. And what I say goes."  (*Id.* at ¶¶ 18–22).  Additionally, Plaintiff relies on the allegation that the HR representative told him, "[Y]ou don't work for us, get out!" (*Id.* at ¶ 23).

Taking these allegations as true, Plaintiff has failed to demonstrate that these actions were because of his gender.  They are best characterized as "responses

to an individual because of h[is] former intimate place in [Ms. Juarez's] life."[1]  *See Succar*, 229 F.3d at 1345 (holding that the harassment of the plaintiff-employee by his co-worker "was motivated not by his male gender, but rather by [the co-worker]'s contempt for [him] following their failed relationship; [the plaintiff-employee]'s gender was merely coincidental"); *McCollum v. Bolger*, 794 F.2d 602, 610 (11th Cir. 1986) ("Title VII prohibits discrimination; it is not a shield against harsh treatment at the work place. Personal animosity is not the equivalent of sex discrimination and is not proscribed by Title VII." (internal quotation marks omitted)).

## II.    Disparate Treatment.

"Under Title VII of the Civil Rights Act of 1964, an employer may be found liable for unlawful sex discrimination under any one of three discrete theories: pattern and practice discrimination, disparate treatment discrimination, or disparate impact discrimination." *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1273 (11th Cir. 2000).  Disparate treatment requires proof of discriminatory intent through either direct or circumstantial evidence.  *Id.*  The former "is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption."  *Id.*  The latter places the burden on the plaintiff to show that (1) he belongs to a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees

---

[1] Plaintiff's Response serves only to reinforce that his claim is a result of a failed personal relationship rather than his gender, arguing that "[Ms. Juarez] . . . created a hostile work environment when Plaintiff refused a further sexual relationship."  (Doc. 25 at 2).

outside of his class more favorably; and (4) that he was qualified to do the job. *Id.*

Plaintiff has not alleged direct evidence of discriminatory intent. Indeed, none of the allegations of Ms. Juarez's and HR's actions directly informed Plaintiff that they were because of his gender. (*See* Doc. 1 at ¶¶ 19–23). Plaintiff must therefore allege discriminatory intent through circumstantial evidence. Plaintiff sufficiently alleges the first, second, and fourth factors. (Doc. 1 at ¶¶ 8, 23, 25, 27). However, though Plaintiff alleges that he "was treated disparately from other employees on the basis of his sex," not only does he fail to allege that these employers were outside of his protected class but, for the reasons previously explained, he has not shown that such treatment was because of his gender. *Supra* Part I; *Ramirez v. Walmart, Inc.*, No. 23-13702, 2024 WL 4880378, at *2 (11th Cir. Nov. 25, 2024) (affirming a district court's dismissal of a discrimination claim where the employee failed to identify any comparators in her complaint); *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1526 (11th Cir. 1992) ("Under the disparate treatment approach of Title VII . . . there is a relaxed standard of similarity between male and female-occupied jobs, but a plaintiff has the burden of proving an intent to discriminate **on the basis of sex**." (emphasis added)); *Henson v. City of Dundee*, 682 F.2d 897, 903 (11th Cir. 1982) ("The essence of a disparate treatment claim under Title VII is that an employee or applicant is intentionally singled out for adverse treatment on the basis of a prohibited criterion.").

### III.   Retaliation.

"To establish a prima facie case of retaliation under Title VII, a plaintiff must

prove the following elements: (1) []he participated in an activity protected by Title VII; (2) []he suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision." *Pipkins*, 267 F.3d at 1201.

Plaintiff alleges, and the Court agrees, that he participated in statutorily protected activity when he told Ms. Juarez that he objected to the discriminatory, abusive, and harassing treatment of him by her and Defendant. (Doc. 1 at ¶ 21). Though Plaintiff also alleges that the HR representative telling him, "you don't work for us, get out!" constitutes protected activity, the Court disagrees because Plaintiff does not allege that he made any objections to the HR representative regarding discriminatory treatment. (*Id.* at ¶ 23). To support adverse action, Plaintiff relies on his termination. (*Id.* at ¶¶ 23–24). Taking Plaintiff's allegation that the HR representative's statement terminated his employment with Defendant as true, the Court agrees that this element is also met.

That said, Plaintiff has failed to establish any causal connection between the protected activity and the adverse employment decision. Indeed, while the Complaint alleges that the HR representative terminated Plaintiff, it does not establish that the representative had any knowledge of his complaints. (*See id.* at ¶ 23); *McCreight v. AuburnBank*, 117 F.4th 1322, 1339 (11th Cir. 2024) (holding that there was no causal link where there was no "[p]roof of the decisionmaker's knowledge or awareness of those complaints").

7

## CONCLUSION

"A district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1262–63 (11th Cir. 2004). However, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff requests leave to amend in the alternative to denying Defendant's motion to dismiss. (Doc. 25 at 7). Though the Court has substantial doubts about Plaintiff's ability to state a claim or claims on the facts of this case, it will provide Plaintiff leave to file a second amended complaint within twenty-one (21) days from the date of this Order.

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 18) is **GRANTED in part and DENIED in part**.

2. The Amended Complaint (Doc. 16) is **DISMISSED without prejudice**.

3. Plaintiff shall have leave to file a second amended complaint. Should Plaintiff do so, Plaintiff must file such within twenty-one (21) days. No new claims may be added to any second amended complaint. Failure to do so will result in the closure of this case without further notice.

**ORDERED** in Tampa, Florida, on May 29, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

8